IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTINA LYNNAE WILSON,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　　Case No. 17-1195-JTM-GEB
　　　　　　　　　　　　　　　　)
STATE OF OKLAHOMA, et al.,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　)
　　　　　　　　　　　　　　　　)

## ORDER

This matter is before the Court on Plaintiff Christina Lynnae Wilson's Motion to Proceed without Prepayment of Fees (ECF No. 3, sealed), and her Motion for Appointment of Counsel (ECF No. 4). For the reasons set forth below, Plaintiff's Motion to proceed *in forma pauperis* (**ECF No. 3**) is **GRANTED** and her Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED**.

**I.　　Motion to Proceed Without Payment of Fees (ECF No. 3)**

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).

otherwise.'"[2] After careful review of Plaintiff's motion (ECF No. 3, sealed) and her affidavit of financial resources (ECF No. 3-1, sealed), and the comparison of her monthly income to her monthly expenses, the Court finds she is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees **(ECF No. 3)** is **GRANTED.** Although service of process would normally be undertaken by the clerk of court under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the clerk is directed to **stay service of process** pending the District Court's review of the Report and Recommendation filed simultaneously herein (ECF No. 8).[3]

## II.     Motion for Appointment of Counsel (ECF No. 4)

There is no constitutional right to counsel in a civil action such as this one.[4] Some statutes, however, provide the court with discretion to appoint counsel for a civil litigant. For example, both the Americans with Disabilities Act, 42 U.S.C. § 12117(a), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(1), provide discretionary authority for appointing counsel "in such circumstances as the court may deem just."[5] If

---

[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).
[3] *See Webb v. Vratil*, No. 12-2588-EFM-GLR, ECF No. 7 (D. Kan. Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)).
[4] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).
[5] *Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136-KHV-GLR, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012) (discussing appointment of counsel under the ADA); *Nelson v. Boeing Co.*, 446 F.3d 1118, 1120 (10th Cir. 2006) (discussing appointment of counsel under Title VII, and noting "Title VII grants litigants a statutory right to request appointed counsel at court expense").

a plaintiff sues under a statute which provides no authority for appointment of counsel, general authority for requesting counsel under 28 U.S.C. § 1915(e)(1) may govern.[6]

Under 28 U.S.C. § 1915(e)(1), in its discretion, the "court may request an attorney to represent any person unable to afford counsel."[7] When evaluating whether to appoint counsel, the court considers multiple factors, including (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of the legal issues raised by the claims.[8] The court also considers the movant's diligence in attempting to secure counsel.[9] Thoughtful and prudent care in appointing representation is necessary so that willing counsel may be located.[10] The court has an obligation not to make indiscriminate appointments on every occasion that a plaintiff seeks court-ordered counsel,[11] particularly in light of the expanding federal court dockets, increased filings by pro se parties, and decreasing number of attorneys willing to accept appointments.[12]

The Court is satisfied that Plaintiff is unable to afford counsel, as evidenced in her motion and financial affidavit (ECF No. 3) discussed in Section I. Therefore, the Court

---

[6] *Rand*, 2012 WL 1154509, at *2.

[7] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district "court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis*" under 28 U.S.C. § 1915(e)(1)).

[8] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). *See also Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992) (applying similar factors in the context of a request for counsel in an employment discrimination case under 42 U.S.C. 2000(e)–5 and 28 U.S.C. § 1915).

[9] *Adkins v. Kansas Comm'n on Judicial Qualifications*, No. 11-4109-SAC-KGS, 2011 WL 13133967, at *1 (D. Kan. Sept. 22, 2011) (citing *Castner*, 979 F.2d at 1420).

[10] *Castner*, 979 F.2d at 1421.

[11] *Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997).

[12] *See Sause v. Louisburg Police Dept.*, No. 15-9633-JAR-TJJ, ECF No. 16 (D. Kan. Jan. 6, 2016).

possesses the authority under 28 U.S.C. § 1915(e)(1) to request an attorney to assist her, after evaluating the factors outlined above.

After careful consideration of those factors, however, the Court declines to appoint counsel to represent Plaintiff. First, she failed to demonstrate diligence in seeking counsel on her own, as required by both the Tenth Circuit and this Court. "Although not required to 'exhaust the legal directory,' a plaintiff must demonstrate that he or she has made a 'reasonably diligent effort under the circumstances to obtain counsel.'"[13] In the District of Kansas, a party is typically required to first contact at least five attorneys to determine whether they would represent her, before filing a motion seeking appointed counsel.[14] Although the Court's form "Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel" makes this requirement clear, Ms. Wilson left that part of her motion blank.

In addition to her failure to demonstrate diligence, the Court has serious concerns regarding its ability to adjudicate Plaintiff's claims. Simultaneously with this order, the Court recommends this case be dismissed under 28 U.S.C. 1915(e)(2)(B) for failing to state a claim which supports either venue or personal jurisdiction (ECF No. 8). Under the circumstances, the request for appointment of counsel shall be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED**.

---

[13] *Castner*, 979 F.2d at 1422 (quoting *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977) and *Bradshaw v. Zoological Soc'y*, 662 F.2d 1301, 1319 (9th Cir. 1981)).
[14] *Adkins*, 2011 WL 13133967, at *1 (citing *Sommerville v. Republic Cnty. Hosp.*, No. 10-4119-KHV-DJW, 2010 WL 5172995, at *1 (D. Kan. Dec. 14, 2010)).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 18th day of September 2017.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge