IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTINA LYNNAE WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-1195-JTM-GEB |
| ) | |
| STATE OF OKLAHOMA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

# REPORT AND RECOMMENDATION

Simultaneous with the filing of this order, the Court granted Plaintiff's request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 7.) However, the authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2)(B), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. The court may also dismiss an *in forma pauperis* plaintiff's complaint for lack of personal jurisdiction and improper venue, despite the fact that these defenses can be waived under Fed. R. Civ. P. 12(h)(1) if not properly raised.[1] After application of these standards, the

---

[1] *See Babbs-Smith v. Northland Vill. Apartments*, No. 10-2623-JAR-DJW, 2011 WL 209505, at *1 (D. Kan. Jan. 21, 2011); *Brown v. Peter Francis Jude Beagle Law Office,* 08–3311–SAC, 2009 WL 536596, at *1 (D. Kan. Mar. 3, 2009) (citing *Trujillo v. Williams,* 465 F.3d 1210, 1216–17 (10th Cir. 2006)).

undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

## Background[2]

This civil rights lawsuit arises from a traffic stop on April 10, 2015, in Blackwell, Oklahoma, involving a vehicle in which Plaintiff Christina Lynnae Wilson was a passenger and her husband was the driver. A Blackwell city police officer apparently stopped the vehicle for following too closely, and after a series of events ultimately used his drug-sniffing dog to locate illegal drugs in the vehicle. The outcome of that stop is not entirely clear from the pleadings currently before this Court, but from the transcript of proceedings attached to Plaintiff's supplemental filing (ECF No. 6), it appears the driver of the vehicle was arrested. Whether Plaintiff was also arrested is unclear, but because Plaintiff disputes the quality of medical care she received from the Kay County, Oklahoma detention facility, the Court assumes she was also taken into custody for some period of time. Plaintiff now sues the State of Oklahoma and the City of Newkirk, Oklahoma,[3] claiming violations of her Fourth Amendment rights, officer misconduct, and neglect of her medical needs.

---

[2] Unless specifically indicated, the facts recited in this section are taken from Plaintiff's Complaint (ECF No. 1) and the Supplement to her Complaint (ECF No. 6).
[3] Why the vehicle was stopped in Blackwell, Oklahoma but Plaintiff sues the City of Newkirk, Oklahoma is entirely unclear from the pleadings. Likewise, it is unclear where the detention facility was located, how Plaintiff arrived there, how long she was detained, or the details of her injury. Although the Court could potentially recommend dismissal for Plaintiff's failure to adequately state facts supporting her claim under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6), the Court does not reach this issue given the other bases for dismissal discussed herein.

**Analysis**

As recited above, although Plaintiff has been permitted to proceed with her case *in forma pauperis* under 28 U.S.C. § 1915, that statute requires the Court to examine the pleadings for merit when determining Plaintiff's financial ability to pursue the action. The Court, on its own motion, must dismiss the case if it finds the action: 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. The court may also dismiss an *in forma pauperis* plaintiff's complaint for lack of personal jurisdiction and improper venue, despite the fact that these defenses can be waived under Fed. R. Civ. P. 12(h)(1) if not properly raised.[4]

Because Plaintiff proceeds pro se, her pleadings must be liberally construed.[5] However, she still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[6] and the Court cannot "take on the responsibility of serving as [her] attorney in constructing arguments and searching the record."[7]

Given the information presented by Plaintiff, the Court has grave concerns regarding the filing of this lawsuit in the Kansas federal court. "'Venue' refers to the place where a lawsuit should be brought, and must be proper for each claim pleaded."[8] Venue is proper under 28 U.S.C. § 1391(b) only when (1) one of the defendants resides

---

[4] *See Babbs-Smith*, 2011 WL 209505, at *1; *see also Brown*, 2009 WL 536596, at *1 (citing *Trujillo,* 465 F.3d at 1216–17).
[5] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[6] *Id*.
[7] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).
[8] *Brown*, 2009 WL 536596, at *3 (citing *Sheldon v. Khanal,* No. 07–2112, 2007 WL 4233628 at *2 (D. Kan. Nov. 29, 2007)).

in the district and all of the defendants reside in the state of that district, (2) the district is where a substantial part of the events occurred or where a substantial amount of property is situated, or (3) any defendant is subject to the court's personal jurisdiction if there is no district in which an action otherwise may be brought.[9]

The Court recommends that Plaintiff's Complaint be dismissed for improper venue, because her Complaint fails to meet any of the three requirements under 28 U.S.C. § 1391(b). First, none of the defendants reside in this district—Plaintiff sues the State of Oklahoma and an Oklahoma municipality. Second, none of the events on which Plaintiff's lawsuit is based occurred in Kansas—the traffic stop occurred in Oklahoma, and Plaintiff's apparent detention also occurred there. The only connection with the District of Kansas is that Plaintiff apparently resides here. Finally, Plaintiff could file her case in the Western District of Oklahoma or other appropriate Oklahoma federal court,[10] because the events are alleged to have occurred there. The third option, then, for proper venue does not apply because there is another district where this action may be brought. Therefore, the District of Kansas is an improper venue for this action, and the case may be dismissed on that basis alone.

Related to the issue of venue is the question of the Court's personal jurisdiction, or power, over the Defendants.[11] A court must have personal jurisdiction over all named defendants in order to hear and decide a case. Although it is unnecessary to discuss personal jurisdiction in detail, in light of the recommended dismissal on grounds of

---

[9] *Young v. Ellis*, No. 2:13-CV-2558-EFM-TJJ, 2014 WL 2459189, at *2 (D. Kan. May 30, 2014)
[10] According to http://www.uscourts.gov/court-locator/city/Newkirk/state/OK/court/district, the city of Newkirk, Oklahoma is served by the Oklahoma Western District Court.
[11] *Brown*, 2009 WL 536596, at *1.

4

improper venue,[12] the Court finds it lacks personal jurisdiction over the Oklahoma defendants. As described above, Plaintiff's Complaint makes clear that neither defendant resides in Kansas nor took any action in Kansas related to Plaintiff's claims. Therefore, the case is also subject to dismissal for lack of personal jurisdiction.

**Conclusion**

"When a personal jurisdiction or improper venue defense 'is obvious from the face of the complaint and no further factual record is required to be developed,' a district court may properly consider such defenses sua sponte."[13] "[T]he district court may dismiss under § 1915 only if 'it is clear that the plaintiff can allege no set of facts' to support personal jurisdiction or venue."[14]

After careful review, and being mindful that she proceeds on a pro se basis, the Court finds the Complaint presented by Plaintiff presents no set of facts from which the Court could find that the District of Kansas is the proper venue for this action, nor any facts to support the Court's exercise of personal jurisdiction over Defendants.[15] Therefore, it is recommended that the Court dismiss Plaintiff's claims under 28 U.S.C. 1915(e)(2)(B) for failing to state a claim which supports either venue or personal jurisdiction.[16]

---

[12] Y*oung*, 2014 WL 2459189, at *2 ("Because the complaint must be dismissed for improper venue pursuant to Rule 12(b)(3), it is not necessary for the Court to discuss the Defendants' other grounds for dismissal.").
[13] *Babbs-Smith*, 2011 WL 209505, at *1.
[14] *Brown*, 2009 WL 536596, at *1 (quoting *Trujillo,* 465 F.3d at 1216–17).
[15] *See Brown*, 2009 WL 536596, at *1 (quoting *Trujillo,* 465 F.3d at 1216–17 (other internal citation omitted)).
[16] The Court notes it is entirely possible that Plaintiff's claims are also time-barred. More than two years have elapsed since the traffic stop at issue. Her claim appears to be asserted under 42

**IT IS THEREFORE RECOMMENDED** that Plaintiff's claims against the State of Oklahoma and the City of Newkirk, Oklahoma be dismissed under 28 U.S.C. 1915(e)(2)(B) for failing to state a claim which supports either venue or personal jurisdiction.

**IT IS ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[17]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 18th day of September 2017.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

U.S.C. § 1983 for deprivation of her constitutional rights by Defendants as state actors. In Kansas, the statute of limitations for such a claim has been found to be that which the State provides for personal-injury torts—one year. *Bailey v. Ash*, No. 13-3191-SAC, 2015 WL 2401054, at *4 (D. Kan. May 20, 2015) (citing K.S.A. § 60-514(b); *Wallace v. Kato,* 549 U.S. 384, 387 (2007)). However, the Court does not find it necessary to address this issue given the recommendation of dismissal on other grounds.
[17] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).